UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,<br><br>         Plaintiff,<br><br>    vs.<br><br>FERNANDO GONZALES, et al.,<br><br>         Defendants. | 1:11-cv-00210-AWI-GSA-PC<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION<br>(Doc. 38.) |

**I.    BACKGROUND**

Matthew James Griffin ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 14, 2010.  (Doc. 1.)  On January 10, 2012, the court issued an order dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 14.)  On February 17, 2012, Plaintiff filed the First Amended Complaint.  (Doc. 18.)

On January 29, 2015, the court issued an order for this case to proceed with the First Amended Complaint against defendant C/O Caldwell for retaliation in violation of the First Amendment, and dismissing all other claims and defendants from this action, for failure to state a claim and violation of Rule 18 of the Federal Rules of Civil Procedure.  (Doc. 36.)

On February 27, 2015, Plaintiff filed a motion for reconsideration of the court's order of January 29, 2015.  (Doc. 38.)  Plaintiff's motion for reconsideration is now before the court.

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III. PLAINTIFF'S MOTION

Plaintiff requests the court to reconsider its order of January 29, 2015, which ordered this action to proceed with the First Amended Complaint, against defendant C/O Caldwell for retaliation, and dismissed all other claims and defendants. Plaintiff argues that the order operates as a final judgment of the two claims the court dismissed without prejudice, with leave to file new and separate actions, because the statute of limitations has expired on those claims. Plaintiff argues that the statute of limitations expired because "[j]udicial back-log created a

situation in which screening prisoner complaints now takes over a year and if objections are filed to a Magistrate's Findings and Recommendations, the process can take up to 4 years as it has in this case." (Doc. 38 at 6 ¶11.)  Plaintiff asserts that he initially brought suit in January 2011, well within the statute of limitations.

Plaintiff requests the court to "sever the Caldwell First Amendment claim and spin it off into a new civil action, [and] grant plaintiff leave to re-plead his 8th Amendment conditions of confinement claim and First Amendment retaliation claim against Dr. Moon in this civil action so they will relate back to the original filing of the complaint." (Doc. 38 at 7:8-14.) Alternatively, Plaintiff requests the court to "fashion appropriate relief that severs the claims while specifically providing for their relation back to the original complaint of January 28, 2011 and allow plaintiff 45 days in which to re-plead." (Id. at 7:14-19.)

**IV.    DISCUSSION**

Plaintiff's request for reconsideration is well met. The Ninth Circuit has recently advised district courts to conduct a prejudice analysis when dismissing – rather than severing – claims or defendants based misjoinder. Rush v. Sport Chalet, 779 F.3d 973, 975 (9th Cir. 2015). The Ninth Circuit specifically noted that a district court should consider "'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" Rush, 779 at 975. (quoting DirectTV, Inc. v. Leto, 467 F.3d 842, 846-47 (3rd Cir. 2006)). This Court found that Plaintiff's claims were misjoined under Federal Rule of Civil Procedure 18 and dismissed without prejudice, purporting to allow Plaintiff to file a separate action. However, it did not consider the loss of otherwise timely claims when in dismissing Plaintiff's claims for (1) retaliation against Dr. Moon and (2) adverse conditions of confinement against Warden Gonzales, Captain Hill, R. Miller, L.C. Davis, J. Avila, C/O Howell, C/O Olmos, Counselor Ruiz and Does #1 through #5. The Court now does so.

No statute of limitations is set out in 42 U.S.C § 1983. Instead, California's two year statute of limitations on personal injury claims applies. Cal.Code Civ. Proc. § 335.1. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). Under federal law, a

civil rights claim like this accrues when plaintiff knows or has reason to know of the injury giving rise to the claim. Olsen v. Idaho State Bd. Of Med., 363 F.3d 916, 926 (9th Cir. 2004).

In some circumstances equitable tolling may preserve a claim that is otherwise barred by the statute of limitations by extending or suspending the accrual of the limitations period. Jones v. Blanas, 393 F.3d 918, 928 (9th Cir. 2004) (quoting Lantzy v. Centex Homes, 31 Cal.4th 363, 370 (2003)). In determining whether a civil rights claim is time-barred, federal courts apply the forum state's equitable tolling provisions to the extent they are not inconsistent with federal law. Dawkins v. Woodford, 2012 U.S. Dist. LEXIS 21473 *12, 2012 WL 554371 (S.D. Cal. 2012); Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999). In California, equitable tolling applies in limited circumstances to prevent "unjust technical forfeiture" of certain claims. Provencio v. Vazquez, 2008 U.S. Dist. LEXIS 73255 * 19 (E.D. Cal. 2008).

However, a party cannot deduct the time consumed by the pendency of an action if it was later dismissed without prejudice. Thomas v. Gilliland, 95 Cal.App.4th 427, 433 (2002) (quoting Wood v. Elling Corp, 20 Cal. 3d 353, 359 (1977). When an action is dismissed without prejudice, courts restore the applicable statute of limitations "as if no action had been brought." Wood, 20 Cal.3d at 359.

Plaintiff would likely be unable to file a new action based on the running of the statute of limitations. As such, Plaintiff is correct that dismissal of the action without prejudice would likely have operated indistinguishably from a dismissal with prejudice. The Ninth Circuit's recent direction in Rush clearly instructs that this Court should avoid dismissal of otherwise potentially meritorious claims outside of the limitations period. See Rush, 779 F.3d at 975. In light of this Court's prior determination that Plaintiff should be permitted to file a new complaint based on the retaliation and conditions of confinement claims, the Court should take action to effectuate that outcome. This Court will therefore sever Plaintiff's claims and assign new case numbers rather than dismissing the claims and defendants beyond the limitations period.[1]

---

[1] Plaintiff appears to understand that severing this action into three cases will have the effect of requiring three filing fees or applications to proceed in forma pauperis. (See Doc. 38 at 4 ("Upon an order of severance, Plaintiff

## V.    ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on February 27, 2015, is GRANTED;

2. The Clerk of the Court is respectfully directed to assign separate case numbers to each of the following claims:

   a. A separate case number to Plaintiff's retaliation claim against Dr. Moon; and

   b. A second separate case number to Plaintiff's adverse conditions of confinement claim against Warden Gonzales, Captain Hill, R. Miller, L.C. Davis, J. Avila, C/O Howell, C/O Olmos, Counselor Ruiz and Does #1 through #5;

3. This action proceeds with Plaintiff's Amended Complaint filed on February 17, 2012 (Doc. 18), against defendant C/O Caldwell for retaliation in violation of the First Amendment;

4. The Clerk of the Court is respectfully directed to issue and serve by mail new case documents to Plaintiff indicating the newly assigned case numbers;

5. The Clerk of the Court is respectfully directed to file a copy of Plaintiff's Amended Complaint filed on February 17, 2012 (Doc. 18), and a copy of this order in each of the newly created cases;

6. As to each new case number, Plaintiff will be required to file a $400.00 filing fee or file a motion for leave to proceed in forma pauperis;

7. Plaintiff must file a complaint which complies with Rule 18 and the Local Rules as to each of the two newly created cases within 60 days of the date of this Order.

<u>Failure of the Plaintiff to file a complaint as to either of the newly assigned case numbers will result in dismissal of either or both of the new cases without further</u>

---

would of course submit a new application to proceed in forma pauperis.")) However, the Court also notes that a finding of frivolity, maliciousness, or failure to state a claim, in any of the three severed counts will be counted separately for purposes of 28 U.S.C. 1915(g).  <u>See</u> 28 U.S.C. 1915(g) (precluding prisoners from bringing claims in forma pauperis if, on 3 or more prior occasions, that prisoner suffered dismissals on the grounds that the claims were frivolous, malicious, or failed to state a claim, unless the prisoner is under imminent danger of serious physical injury).

5

<u>notice. Similarly, failure to either pay the filing fee or file a motion for leave to proceed in forma pauperis will result in dismissal of either or both of the new cases without further notice.</u>

IT IS SO ORDERED.

Dated:   April 14, 2015                              _____
                                                     SENIOR DISTRICT JUDGE